**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PEGGY GINARDI, et al.** **PLAINTIFFS**

**v.** **4:11CV00420-BRW**

**FRONTIER GAS SERVICES LLC., et al.** **DEFENDANTS**

**ORDER**

Pending is Separate Defendant Kinder Morgan Treating's Motion to Dismiss (Doc. No. 18). Plaintiffs have responded,[1] and Defendant replied.[2] For the reasons discussed below, Separate Defendant Kinder Morgan Treating's Motion to Dismiss is DENIED, except for its request to dismiss Plaintiffs' claim for attorneys' fees, which is GRANTED.

## I. Background[3]

The named Plaintiffs and putative class representatives, are residents and/or property owners who live near natural gas compression stations. Defendants are involved in the operation and servicing of a natural gas compression station near Plaintiffs' properties and residences, as well as other compressor stations throughout the state. Separate Defendant Kinder Morgan Treating LP ("Kinder Morgan") provides natural gas treating services at the compressor station.

Plaintiffs allege that the compressor stations cause harmful levels of noise pollution, and emit large amounts of methane and hydrogen sulfide, among other flammable and noxious gasses. Plaintiffs offer multiple theories of liability including: strict liability, nuisance, trespass,

---

[1]Doc. No. 32.

[2]Doc. No. 35.

[3]All information in the background section comes from Plaintiff's Amended Complaint. Doc. No. 31.

and negligence. Plaintiffs also claim that Defendants' actions affect other residents and property owners near similar compressor stations. Plaintiffs seek to represent similarly situated persons in a class action against Defendants.

## II. Standard

In ruling on a Rule 12(b)(6) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[4] However, conclusory allegations "are not entitled to the assumption of truth,"[5] but all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[6] A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[7] but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8]

## III. Discussion

Defendant Kinder Morgan argues that Plaintiffs did not plead plausible facts supporting their theories of liability against Kinder Morgan, and that each of Plaintiffs' causes of actions fail to state a claim against Kinder Morgan. Additionally, Kinder Morgan argues Plaintiff's claims for relief fail to state a claim, and that Plaintiffs' claims on behalf of the putative class must be dismissed because the element of predominance is lacking.

---

[4]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[5]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)

[6]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[7]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[8]*Iqbal*, 129 S.Ct. At 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007)).

**A. Causes of Action**

Defendant argues that the complaint is insufficient because it fails to connect Kinder Morgan to the noise and gas emissions that are the central injury of the case. Kinder Morgan accuses Plaintiff of lumping the factual and legal allegations against the four named defendants together. To some extent this may be true, but it does not appear that, as a matter of law, the complaint fails to state a claim against Kinder Morgan. Defendant's argument relies on the heightened pleading standards supposedly created by two supreme court cases, *Twombly* and *Iqbal*. However, the Eighth Circuit has found that "*Twombly* and *Iqbal* did not abrogate the notice pleading requirement of Rule 8(a)(2)."[9] Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] The rule is satisfied "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[11]

Plaintiffs suggest that the photographs attached as Exhibits A and B[12] to the amended complaint are sufficient to create a reasonable inference that Kinder Morgan is connected to the alleged misconduct. Exhibit A shows the proximity of Plaintiffs' property and residences to the compressor station. Exhibit B, a photograph of warning signs at the compressor station, shows that Kinder Morgan is involved in its operation, and that the facility creates noise and emits toxic material. Kinder Morgan maintains that the signs are merely to warn workers about potential hazards on the site. Despite this interpretation, it seems plausible that the compressor station

---

[9]*Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010).

[10]Fed. R. Civ. P. 8(a)(2).

[11]*Iqbal*, 129 S. Ct. at 1949.

[12]Doc. No. 31, pp. 23-24.

could cause the injuries alleged in Plaintiffs' complaint and that Kinder Morgan is sufficiently connected to the operations of the facility. It is clear that Plaintiffs have cleared the relatively low hurdle of presenting plausible facts to create a reasonable inference that Kinder Morgan is involved in activities that may have harmed Plaintiffs.

1. State Regulations

Defendant argues that Plaintiffs amended complaint is insufficient because it doesn't allege that Defendant's conduct was unreasonable in relation to the applicable standard of care established by state regulations. However, Defendant offers no authority that Arkansas uses its regulations to establish the standard of care. This is likely because Arkansas has long recognized that just because an activity is lawful it does not mean that the tortfeasor is immune from a nuisance claim.[13] "Every man must use his own property so as not to injure his neighbor; and the fact that he has invested much money and employs many men in carrying on lawful and useful business upon his land does not change the rule."[14] Thus Plaintiff may be able to recover based on nuisance even if the compressor station's operations meet regulation requirements (and are permitted activities).

2. Strict Liability

Strict liability imposes liability for activities that are ultra-hazardous in nature. Such ultra-hazardous activities are ones that inherently involve a risk of serious harm to persons or property that cannot be eliminated by the exercise of the utmost care, and are not a matter of common usage.[15] A common usage is an activity that is customarily carried out by the great mass

---

[13]*Meriwether Sand Gravel Co. v. State*, 26 S.W.2d 57 (Ark. 1930).

[14]*Id.*

[15]*Zero Wholesale Gas Co., Inc. v. Stroud*, 571 S.W.2d 74 (Ark. 1978).

of mankind or by many people in the community.[16] Plaintiffs have shown that the compressor station emits hydrogen sulfide and methane. It is too early at this point in the case to say that the release of these toxic emissions are not ultra-hazardous activities as a matter of law. Moreover, the issues presented by this cause of action may turn on facts that have yet to be developed, such as scientific evidence showing that Plaintiffs are, or are not, injured by the emissions. Kinder Morgan has not shown that operating a compressor station is a matter of common usage. Thus it is not proper at this time to foreclose strict liability as a cause of action.

3. Negligence

Arkansas has long recognized that neighboring property owners owe a duty to their neighbors to use reasonable care to avoid harming their neighbors or their neighbors' property.[17] As noted earlier, Plaintiffs have alleged sufficient facts to connect Kinder Morgan with the operation of the compressor station. As one of the station's operators, Kinder Morgan, would owe a duty to neighboring property owners to use reasonable care in the operation of the facility. The amended complaint is sufficient to infer that Kinder Morgan may have breached its duty to the neighboring property owners. Thus it would be improper to dismiss this cause of action for failing to state a claim.

4. Nuisance

Arkansas law defines "nuisance" as conduct by one landowner that unreasonably interferes with the use and enjoyment of the lands of another.[18] Plaintiffs allege that noise and air pollution from the compressor station unreasonably interferes with the use and enjoyment of

[16] *Id.*

[17] *Planters' Warehouse & Compress Co. v. Taylor*, 42 S.W. 279 (Ark. 1897).

[18] *Aviation Cadet Museum Inc. v. Hammer*, 283 S.W.3d 198 (Ark. 2008).

their property. The allegation is supported by plausible facts. Thus dismissal of this cause of action at this point would be improper.

5. Trespass

"The law of trespass protects rights and interests in land from direct invasion by physical forces."[19] Under Arkansas law, trespass includes intentionally causing a thing to enter on the land of another.[20] The proximity of Plaintiffs' property to the compressor station makes it plausible that emissions of toxic gas could migrate onto their property from the site. Thus the facts alleged in the amended complaint are sufficient to support a cause of action for trespass.

**B. Claims for Relief**

In addition to challenging the factual sufficiency of Plaintiffs' claims, Defendant also argues that Plaintiffs' claims for relief fail to state a claim. Defendant suggests that some of these claims should be dismissed. However, aside from the issue of attorneys' fees it appears that Defendant's motion to dismiss certain claims for relief is premature.

1. Discomfort injuries

Arkansas law permits Plaintiffs to include a claim for discomfort and other mental harms based on a nuisance cause of action.[21] As noted earlier, Plaintiffs have sufficiently connected Kinder Morgan to the operations of the Compressor Station. Thus if the facts suggest that Kinder Morgan's activities caused or contributed to Plaintiff's damages for nuisance, then Plaintiff should be allowed to claim damages for discomfort. Given the early stage of the case, it is impossible to determine as a matter of law that damages for discomfort are unavailable.

---

[19]*Patton v. TPI Petroleum Inc.*, 356 F.Supp.2d 921, 930 (E.D. Ark. 2005).

[20]*Id*. (citing Restatement (Second) Torts § 158 (1965)).

[21]*Felton Oil Co., LLC. V. Gee*, 182 S.W.3d 72 (Ark. 2004).

2. Monitoring

Plaintiffs are correct that it is premature to dismiss a claim for monitoring based on a potential double recovery when there has been no determination that Plaintiffs are entitled to any recovery.

3. Punitive Damages

Punitive damages are permitted under Arkansas law when the evidence shows that defendant acted wantonly or was consciously indifferent to the harm caused.[22] Plaintiffs make a plausible showing that Defendants were aware of the noise and gasses created by the compressor station, and may have acted with conscious indifference to the harm caused to Plaintiffs. As the facts are developed in discovery it may be that Plaintiffs cannot show conscious indifference. In which case, punitive damages against Kinder Morgan would not be proper, and Defendant may move for judgment as a matter of law, but at this stage of the game it is too early to tell.

4. Attorneys fees

Kinder Morgan argues that since Plaintiff's did not respond to this section of the motion to dismiss that they have effectively conceded the point. Attorneys' fees are generally not allowed unless expressly provided for by statute.[23] Moreover, Arkansas law does not permit awards of attorneys' fees for tort actions.[24] Thus it appears that a claim for attorneys' fees would not lie.

---

[22]*National By-Products, Inc. v. Searcy House Moving Co., Inc.*, 292 Ark. 491, 493 (Ark. 1987).

[23]*Chrisco v. Sunn Industries, Inc.*, 304 Ark. 227, 229 (Ark. 1990).

[24]*FMC Corp., Inc. v. Helton*, 360 Ark. 465, 489 (Ark. 2005).

**C. Class Action**

Finally, Kinder Morgan argues that Plaintiffs failed to allege a cognizable class action, because Plaintiffs have not satisfied the predominance requirement for a class action. A court may strike a class action allegation when it is clear from the complaint that a requirement for class action cannot be satisfied.[25] In order for a class action to proceed, common issues must predominate over individual issues in the class.[26] Plaintiffs are correct that it is premature to strike the class action allegation. From the pleadings and evidence shown so far, it appears plausible that the common issues will predominate over individual issues in the potential class. "The propriety of class action status can seldom be determined on the basis of the pleadings alone."[27] Plaintiffs will have an opportunity to make a timely motion for class certification, and Defendant will have an opportunity to oppose it.

**CONCLUSION**

Separate Defendant Kinder Morgan's Motion to Dismiss (Doc. No. 18) is DENIED, except for its request to dismiss Plaintiffs' claim for attorneys' fees, which is GRANTED.

Plaintiffs' claim for attorneys' fees against Kinder Morgan is hereby DISMISSED.

IT IS SO ORDERED this 10th day of August, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[25]*Muehlbauer v. GMC*, 431 F. Supp. 2d 847, 870-72 (N.D. Ill. 2006).

[26]*Baptist Health v. Hutson*, 2011 WL 1800652 (Ark. 2011).

[27] *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977).