IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PEGGY GINARDI,** *et al.,*                                                                                    **PLAINTIFFS**

**v.**                                          **4:11-cv-00420-BRW**

**FRONTIER GAS SERVICES, LLC.,** *et al.*                                                         **DEFENDANTS**

## ORDER

Pending is Plaintiffs' Motion for Summary Judgment on the Issue of Trespass (Doc. No. 101). Defendant Crestwood Arkansas Pipeline, LLC has responded.[1] For the following reasons, the Motion is DENIED.

In their Motion for Summary Judgment, Plaintiffs contend there is "no disputed issue of fact that the Defendants' activities have caused and continue to cause trespass upon the Plaintiffs' property."[2] Defendant argues that Plaintiffs' Motion is premature because the issue of class certification is still pending and that "the Court's Final Scheduling Order permits until June 11, 2012 for disclosure of case-in-chief experts and until July 11, 2012 for the disclosure of rebuttal experts."[3]

The United States Court of Appeals for the Eighth Circuit has discussed that is "rarely appropriate" to certify a class after making a decision on the merits of the case.[4] One district court has explained that "[t]he reason for this is simple" because

> [w]hen a named plaintiff seeks a ruling on the merits and then later seeks class certification, all potential class members are placed in a "win-win" situation: if the

---

[1] Doc. No. 110.

[2] Doc. No. 101.

[3] Doc. No. 111.

[4] *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558 (8th Cir. 1982).

1

ruling goes against the named plaintiff, then others can "opt out" of the class and not be bound by that adverse decision, and if the ruling is favorable, then others can "opt in" to the class knowing that the defendant's liability has already been established. Such "one-way intervention" is to be avoided because it is inherently unfair to defendants.[5]

Here, the Class Certification Hearing is set for April 3, 2012.[6] Because the issue of class certification has yet to be decided, I find that Plaintiffs' Motion is premature. As discussed above, any ruling that I would make before deciding the issue of class certification would put the Defendants at a disadvantage. Therefore, Plaintiffs' Motion (Doc. No. 101) is DENIED without prejudice.

IT IS SO ORDERED this 17th day of January, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1070 (D. Minn. 2008). See also *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) (per curiam) ("[i]t is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits."); *Dege v. Hutchinson Technology, Inc.*, No. 06-3754, 2007 WL 3275111 at *3 (D. Minn. Nov. 2, 2007) (denying motion for partial summary judgment because plaintiff's motion was premature and finding that "a determination on the merits would provide an unfair advantage to potential plaintiffs who may be waiting to determine whether to opt-in to the lawsuit.").

[6] See Final Scheduling Order (Doc. No. 50).