**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PEGGY GINARDI,** *et al.,*                                                                 **PLAINTIFFS**

**v.**                                        **4:11-cv-00420-BRW**

**FRONTIER GAS SERVICES, LLC.,** *et al.*                                        **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendant Crestwood Arkansas Pipeline's Motion for Summary Judgment as

to Separate Plaintiffs Ike Lester and Constance Lester ("Plaintiffs") (Doc. No. 98).  Plaintiffs

have responded[1] and the Defendant has replied.[2]  For the following reasons, the Motion is

DENIED.

**I.      SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there
> is the need for a trial -- whether, in other words, there are any genuine factual
> issues that properly can be resolved only by a finder of fact because they may
> reasonably be resolved in favor of either party.[4]

The United States Court of Appeals for the Eighth Circuit has cautioned that summary

judgment is an extreme remedy that should only be granted when the movant has established a

---

[1] Doc. No. 107.

[2] Doc. No. 120.

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

right to the judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  I must view the facts in the light most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[8]

"The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial."[9]  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

---

[5] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6] *Id.* at 728.

[7] *Id.* at 727-28.

[8] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9] *Jackson v. United Parcel Service*, 643 F.3d 1081, 1085 (8th Cir. 2011) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

[10] *Anderson*, 477 U.S. at 248.

## II.      BACKGROUND[11]

On May 17, 2011, Plaintiffs, along with Peggy Ginardi, filed a Class Action Complaint

against Defendant asserting claims of strict liability, nuisance, trespass, and negligence in the

construction and operation of gas compressor stations near their homes.[12]   The Complaint arises

from damages alleged to have been sustained from a compressor constructed in 2008 near

Plaintiffs' home.[13]

On November 3, 2009, before filing this Complaint, Plaintiffs filed a petition for Chapter

13 bankruptcy with the United States Bankruptcy Court in the Eastern District of Arkansas.

According to the requirements of filing for bankruptcy, Plaintiffs were asked to submit a

mandatory Schedule of Assets that required them to include all contingent claims belonging to

them, and a mandatory Statement of Financial Affairs that required them to list all lawsuits in

which the debtor was a party.  This lawsuit was not listed in the petition for bankruptcy.

Defendant alleges that while this lawsuit had not been filed, Plaintiffs "were aware of the facts

giving rise to their claims against [them] because the compressor station forming the basis of

their claims was constructed in 2008" and they should have listed it as a claim.[14]

During a November 19, 2011 deposition, Plaintiff Constance Lester revealed to

Defendant's attorneys that she and her husband were in bankruptcy.  A few days later, on

November 23, 2011, Plaintiffs, for the first time, "filed a pleading with the bankruptcy court

---

[11] Unless otherwise noted, all the facts discussed in the Background are found in Doc. No. 108.

[12] The Complaint also names four other Defendants and was amended on July 8, 2011. Doc. Nos. 1, 31.

[13] Plaintiffs' Complaint does not specify when the compressor was constructed.

[14] Doc. No. 100.

referencing their tort lawsuit in the form of an 'Application to Employ Timothy R. Holton as

Attorney in Property Damage/Personal Injury Claim.'"[15]

## III.    DISCUSSION

Defendant argues that Plaintiffs are judicially estopped from pursuing this case because

they failed to disclose it as a potential asset when filing for bankruptcy.

"A court invokes judicial estoppel when a party abuses the judicial forum or process by

making a knowing misrepresentation to the court or perpetrating a fraud on the court."[16]  Judicial

estoppel precludes a litigant "who states facts under oath during the course of a trial from

denying those facts in a second suit, even though the parties in the second suit may not be the

same as those in the first."[17]  "Courts should only apply the doctrine as an extraordinary remedy

when a party's inconsistent behavior will result in a miscarriage of justice."[18]

In *Stallings v. Hussmann Corp.*, the Eighth Circuit set out three factors for determining

whether to apply judicial estoppel.[19]  The "three factors, while not an exhaustive formula for

determining the applicability of judicial estoppel" are: (1) whether "a party's later position [is]

clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading

a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an

inconsistent position would derive an unfair advantage or impose an unfair detriment on the

---

[15] Doc. No. 108.

[16] *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006).

[17] *Id.* (quoting *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993)).

[18] *Id.* at 1049.

[19] *Id.* at 1047.  While *Stallings* involved the application of judicial estoppel when plaintiffs failed to properly disclose their employment claims in their bankruptcy proceedings, the facts of this case are analogous.

opposing party if not estopped."[20]  The Court also discussed that "[i]n the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."[21]

### A.    Factor One

In this case, the first factor is satisfied.  Plaintiffs failed to list the lawsuit in their initial petition for bankruptcy and in their August 30, 2011, modification of the Chapter 13 plan.[22]

### B.    Factor Two

Defendant argues that the second factor has been met because "the bankruptcy court adopted the Lesters' positions on their assets by instituting their original Payment Plan, and the September 30, 2011, Modified Payment Plan."[23]  I agree.  As evidenced by the Order Confirming Chapter 13 Plan as Modified on August 30, 2011, the bankruptcy court adopted the Plaintiffs' position.[24]

### C.    Factor Three

Defendant contends that the Plaintiffs have gained an unfair advantage by failing to disclose this lawsuit to the bankruptcy court because a proper disclosure "could have increased the amount of their assets."[25]  I cannot find that Plaintiffs will derive an unfair advantage over Defendant if they are permitted to proceed with their lawsuit.

The district court is in the best position to decide if judicial estoppel is applicable because

---

[20] *Id*

[21] *Id*.

[22]  Doc. No. 98, Ex. C.

[23] Doc. No. 100.

[24] Doc. No. 98, Ex. D.

[25] I note the key words "could have."

"[d]etermining whether a litigant is playing fast and loose with the courts has a subjective element [and][i]ts resolution draws upon the trier's intimate knowledge of the case at bar and his or her first-hand observations of the lawyers and their litigation strategies."[26]  Judicial estoppel is not applicable "'when a debtor's prior position was taken because of a good-fath mistake rather than as part of a scheme to mislead the court.'"[27]

Here, Plaintiffs argue that when they filed for bankruptcy they did not know they had a potential claim regarding the compressor station.  They further contend they did not intentionally misrepresent or attempt to defraud the court.  In her affidavit, Ms. Lester states it was not until she talked to her friend that she realized she needed to advise her bankruptcy attorney about the lawsuit.[28]  Within a day or two of learning this, Ms. Lester informed her bankruptcy attorney's assistant about the lawsuit.[29]  According to Ms. Lester, she "assumed that anything that needed to be done regarding the bankruptcy case would be taken care of.  It was never [her] intent to hide anything."[30]

Based on the facts before me, I cannot find that Plaintiffs intended to mislead this Court or the bankruptcy court.[31]  While Plaintiffs and their counsel should have disclosed the lawsuit to the bankruptcy court much sooner than they did, their delay in disclosing does not put Defendant

---

[26] *Stallings*, 447 F.3d at 1046 (citations omitted).

[27] *Id*. at 1049 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3rd Cir. 1996)).

[28] Doc. No. 107, Ex. A.

[29] *Id*.

[30] *Id*.

[31] See also *Vandiver v. Little Rock School Dist.*, No. 4:03-CV-00834-GTE, 2007 WL 2462023 (E.D. Ark. Aug. 27, 2007); *Arnold v. ADT Sec. Services, Inc.,* No. 05-0607-CV-W-HFS, 2007 WL 2885148 (W.D. Mo. Sep. 27, 2007); *Copeland v. Hussmann Corp.* 462 F.Supp. 2d 1012 (E.D. Mo. 2006).

at an unfair advantage.  Furthermore, the bankruptcy court is now advised of this case and can modify the Chapter 13 plan as it sees fit.  Therefore, I find that the doctrine of judicial estoppel is not appropriate in this case.

## CONCLUSION

Based on the findings of fact and conclusion of law above, the Defendant's Motion for Summary Judgment is (Doc. No. 98) DENIED.

IT IS SO ORDERED this 18th day of January, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE