IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PEGGY GINARDI,** *et al.,*                                                        **PLAINTIFFS**

v.                                        **4:11-cv-00420-BRW**

**FRONTIER GAS SERVICES, LLC.,** *et al.*                           **DEFENDANTS**

## ORDER

Pending is Plaintiffs' Motion for Class Certification (Doc. No. 135). Defendants responded,[1] Plaintiffs replied,[2] and Defendants filed a sur-reply.[3] A Class Certification Hearing was held on April 3, 2012. For the reasons set forth below, Plaintiffs' Motion for Class Certification is DENIED.

**I.    BACKGROUND**

Plaintiffs Peggy Ginardi, Ike Lester, and Constance Lester filed a Class Action Complaint in this case on behalf of all citizens of the State of Arkansas who live or own "property within a one (1) mile radius of any natural gas compressor and/or transmission station."[4] The Complaint asserts claims for strict liability, nuisance, trespass, and negligence against Defendants.[5]

Based on the testimony presented at the hearing, there are between 18 and 21 compressor stations that are the subject of this proposed class action. Plaintiff Peggy Ginardi and Plaintiffs

---

[1] Doc. Nos. 139, 140.

[2] Doc. No. 141.

[3] Doc. No. 144.

[4] Doc. No. 31.

[5] *Id*.

1

Ike and Constance Lester reside in separate homes on a 4-acre piece of land located in Faulkner County, Arkansas. This property is adjacent (about a couple hundred feet away) to the Twin Groves Compressor Station property line, one of the 18-21 compressor stations.[6]

The essential function of these compressor stations is to collect gas along the Fayetteville Shale Pipeline, compress it, treat and purify it, and then send it along to a bigger pipeline.[7] Plaintiffs allege that the compressor stations emit toxic pollutants and create extremely loud noises.[8] As a result of these emissions and loud noises, Plaintiffs contend their property and the properties within a one-mile radius of the compressor stations have been affected in one or more of the following ways: (1) pollution and/or contamination of the air and atmosphere with harmful gases and chemicals; (2) pollution and/or contamination of the groundwater with harmful gases and chemicals; (3) pollution and/or contamination of the soil with harmful gases and chemicals; and (4) incessant and constant noise pollution.[9] Defendants deny these allegations.

## II. CLASS CERTIFICATION STANDARD

A district court may grant a motion to certify a class action only if the parties seeking certification can meet all four requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the subdivisions of Rule 23(b). Rule 23(a) requires all parties seeking class certification to prove:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[6] Doc. No. 139, Ex. 1.

[7] Doc. No. 136, Ex. 2.

[8] Doc. No. 136.

[9] Doc. No. 31.

(4) the representative parties will fairly and adequately protect the interests of the class.

The proposed class must then satisfy one of the requirements in Rule 23(b).  In this case, Plaintiffs rely on Rule 23(b)(3), which states that "a class action may be maintained if Rule 23(a) is satisfied and if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy . . . ."

In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."[10]  "Rule 23 does not set forth a mere pleading standard," but the parties seeking class certification "must affirmatively demonstrate [their] compliance with the Rule – that is, [they] must be prepared to prove" all the requirements of Rule 23.[11]  The Court must conduct "a rigorous analysis" to ensure the requirements of Rule 23(a) are met.[12]  "Though class certification is not the time to address the merits of the parties' claims and defenses, the 'rigorous analysis' under Rule 23 must involve consideration of what the parties must prove."[13]

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  The plaintiff has the burden of establishing numerosity.[14]  And, while "no arbitrary rules regarding the necessary size of class [have] been established, courts may consider

---

[10] *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

[11] *Wal-Mart Stores, Inc., v. Dukes,* 131 S. Ct. 2541, 2551 (2011).

[12] *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982).

[13] *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006).

[14] *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

[] the numbers of persons involved in the class, the nature of the action, the value of each individual claim, and the inconvenience of trying individual suits."[15]

At the hearing, Plaintiffs estimated there would be around 1,000 putative plaintiffs who lived around the different compressor stations. Because Defendants failed to make a hard run at denying numerosity at the hearing and in their pleadings, and based on Plaintiffs' suggestion, I find that the numerosity requirement has been met.

### B. Commonality and Typicality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"[16] However, suffering the same violation of law is not enough to satisfy the commonality requirement.[17] The "common contention [] must be of such a nature that it is capable of class wide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke."[18] What is important to class certification "is not the raising of common 'questions' -- even in droves -- but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."[19] The commonality "threshold is not that high,

---

[15] *Brown v. Kerkhoff*, No. 4:06-cv-00342-JEG, 2012 WL 987591, at *7 (S.D. Iowa March 22, 2012).

[16] *Dukes*, 131 S. Ct. at 2551 (quoting *Falcon*, 457 U.S. at 157).

[17] *Id.* (quoting *Falcon*, 457 U.S. at 157).

[18] *Id.*

[19] *Id.* (citations omitted).

4

and does not require that every question be common to the class, but merely that one or more significant questions of law or fact are common to the case."[20]

The Supreme Court previously held that "the commonality and typicality requirements of Rule 23(a) tend to merge."[21] The Court further noted that commonality and typicality "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."[22] The typicality requirement "is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory."[23]

Plaintiffs propose 9 questions of law and fact that they believe are common to the proposed class. These include: (1) the amount of emissions from the compressor stations; (2) the level of noise caused by the compressor stations; (3) the dispersal and effect of the emissions within a one-mile radius of the compressor stations; (4) the effect of noise caused by the compressor stations within a one-mile radius of the compressor stations; (5) whether Defendants have engaged in activity that is ultra-hazardous and not a common usage; (6) whether Defendants have breached the duty of care to persons and property within a one-mile radius of the compressor stations; (7) whether Defendants have committed a trespass on property within a

---

[20] *Hopkins v. Kansas Teacher Cmty. Credit Union*, 265 F.R.D. 483, 487 (W.D. Mo. 2010) (citations omitted); see also *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986) ("The threshold of commonality is not high.").

[21] *Dukes*, 131 S. Ct. at 2551 n.5 (quoting *Falcon*, 457 U.S. at 157-58).

[22] *Id.*

[23] *Paxton v. Union Natl Bank*, 688 F.2d 552, 561-62 (8th Cir. 1982) (citations omitted).

one-mile radius of the compressor stations; (8) whether the compressor stations constitute a nuisance as to person and property within a one-mile radius of the compressor stations; and (9) whether Defendants have engaged in willful and wanton conduct.[24]

Plaintiffs argue that commonality is met because "each of the proposed Class members' claims arises out of a common nucleus of operative facts, and the same liability theories are asserted on behalf of the entire class."[25] I find that Plaintiffs have chinned the bar in proving commonality and typicality.

As Defendants discuss, and I agree, this case is driven by individualized issues which require individualized proof. However, the questions presented by Plaintiffs all revolve around the emissions and noises coming from the compressor stations and their impact on the surrounding properties. This issue is common and typical to all the putative Plaintiffs. Defendants state that "Plaintiffs cannot prove on a class-wide basis that one or more of the Defendants' conduct caused a nuisance or trespass to occur to others, or that air and/or noise pollution affected each individual class member or their property in such a way as to establish liability."[26] I disagree with Defendants to the extent that each property owner may be able to prove that the emissions or noise from the compressor station has damaged their property. Therefore, I find that Plaintiffs have proven there are common questions of law or fact and the questions are typical of the entire class. But, as discussed below, it is the individualized damages caused by the emissions that is fatal to Plaintiffs' class certification.

---

[24] Doc. No. 136.

[25] *Id.*

[26] Doc. No. 139.

## C.    Adequacy of Representation

The class representative "must be a part of the class and 'possess the same interest and suffer the same injury' as the class members."[27] The adequacy of representation requirement is in place to ensure that the named plaintiffs "will fairly and adequately protect the interests of the class" and "to uncover conflicts of interest between named parties and the class they seek to represent."[28] This requirement merges with the commonality and typicality requirements because the purpose is to discern whether in a case seeking class action that "maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."[29]

Defendants argue that Plaintiff Ginardi cannot adequately represent the class because she does not believe she has obligations to other class members, she does not understand what being the class representative means, and she, along with the Lesters, does not own any mineral rights.[30] After reviewing Plaintiff Ginardi's deposition, I find that she does understand what being the class representative means and the responsibilities that come along with it. However, I do question what impact the fact that she does not own mineral rights has on her ability to adequately represent the class. But, as Plaintiffs' counsel pointed out at the hearing, individuals with mineral rights can choose to opt out of the class. Therefore, I find that Plaintiff Ginardi has

---

[27] *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 397 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).

[28] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

[29] *Falcon*, 457 U.S. 157, 158 n.13 (1982).

[30] Doc. No. 139.

established she can adequately represent the class and she has met all the requirements of Rule 23(a). I now turn to the requirements of Rule 23(b)(3).

### D. Predominance and Superiority under Rule 23(b)(3)

For certification under Rule 23(b)(3), Plaintiffs must establish, in addition to meeting the requirements of Rule 23(a), that common questions of law or fact predominate, and that a class action is the superior method for fair and efficient adjudication of the controversy. This requires the court to examine the underlying elements necessary for plaintiffs to establish liability.[31]

#### 1. Predominance

While the predominance requirement is "reminiscent of the commonality requirement of Rule 23(a), [it is actually] 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"[32] In analyzing the predominance requirement, the court must determine whether the nature of the evidence presented in the case will resolve questions that are common or individualistic.[33] If, in order to to make a *prima facie* showing, "the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a *prima facie* showing, then it becomes a common question."[34] "Class certification is not proper 'if proof of the essential elements of the cause of action requires individual treatment.'"[35]

---

[31] *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005).

[32] *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) (citations omitted).

[33] *Blades*, 400 F.3d at 566.

[34] *Id*.

[35] *Powers v. Lycoming Engines*, 328 Fed. Appx. 121, at *3 (3rd Cir. 2009) (citations omitted).

While mass tort cases are not categorically excluded from being certified as a class action, "the individualized issues can become overwhelming in actions involving long-term mass torts (*i.e.*, those which do not arise out of a single accident)."[36] In toxic tort cases, where there is not "one set of operative facts [that] establishes liability, no single proximate cause equally applies to each potential class member and each defendant, and individual issues outnumber common issues, the district court should properly question the appropriateness of a class action for resolving the controversy."[37]

The question of class certification in this case turns on whether the individual issues predominate over the common questions. I believe they do. While Plaintiffs recognize their case involves individualized issues, they contend that all the claims "arise from the same cause and course of conduct, and the theories of liability asserted are common to the class" and because of this, "generalized evidence can prove or disprove claims on a class-wide basis."[38]

Defendants assert that the individual issues outweigh the common issues. For example: (1) each compressor station has been owned by different Defendants at different times; (2) the stations are in different parts of the state, with different typographies; (3) there are different weather effects; (4) each station has different equipment resulting in different emission rates; and (5) any noise, odor or pollution will vary widely based on a plaintiffs proximity to the station.[39]

---

[36] *Georgine v. Amchem Products*, 83 F.3d 610, 628 (3d Cir. 1996); see also *Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 625 (1997) (discussing that mass tort cases are not categorically excluded from class certification but that caution must be used in certifying a class "when individual stakes are high and disparities among class members great.").

[37] *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

[38] Doc. No. 136.

[39] Doc. No. 139.

In support of their position, Defendants rely on the Arkansas Supreme Court opinion in *Georgia-Pacific Corp. v. Carter*.[40] In *Carter*, property owners filed a class action complaint alleging strict liability, negligence, trespass, and nuisance, among other claims, against Georgia Pacific Railroad and the city for damages brought about from gasses and other hazardous substances created by the defendant's wastewater treatment facility.[41] The circuit court granted limited class certification on plaintiffs' nuisance claim. The Arkansas Supreme Court reversed this decision noting that "mass-tort actions present unique certification problems because they generally involve numerous individual issues as to the defendant's conduct, causation, and damages."[42] The court then discussed that while the actions of the defendants are relevant, it is really "the interference with a property owner's use and enjoyment that is the determining factor."[43] Lastly, the court found the circuit court erred in granting limited class certification because it was evident based on the claims of the property owners and the sheer nature of a private nuisance claim "that individual issues exist[ed] in the [] case as to whether and to what extent Georgia-Pacific's operation of its waste water treatment system caused consequences to, and constituted an unreasonable interference with, the property owners' use and enjoyment of their property."[44]

While Plaintiffs have presented a well-reasoned argument, I find that the individual issues presented in this case predominate over the common issues. Plaintiffs' causes of action

---

[40] 371 Ark. 295 (2007).

[41] *Id*. at 297.

[42] *Id*. at 303.

[43] *Id*.

[44] *Id*. at 305-06.

would require a detailed look at each plaintiffs' individual damages -- including the amount of noise heard, the amount of gases present, and any level of contamination in the air, groundwater, or soil. Each class member would be required to present highly individualized evidence regarding damages and causation. This makes full resolution of an entire class difficult.

### 2. Superiority

Plaintiffs have also failed to meet their burden of establishing that a class action is the superior way to handle this litigation. Of course, the failure to show predominance spills over into superiority. Rule 23(b)(3) requires Plaintiffs to establish that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."[45] "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of settling the controversy . . . ."[46] "The difficulties likely to be encountered in the management of a class action" are strongly considered when analyzing superiority.[47] Again, I must take into consideration the individualized questions presented.[48]

Because of the individualized issues in this case, I find that a class action is not the most efficient way of settling this controversy. Each plaintiff would have to present individual proof

---

[45] FED. R. CIV. P. 23(b)(3).

[46] 7AA WRIGHT, MILLER & KANE, *FEDERAL PRACTICE & PROCEDURE* § 1779 (3d ed. 2005).

[47] FED. R. CIV. P. 23(b)(3)(D).

[48] See *Brown v. Kerkhoff*, 2012 WL 987591, at *17 (S.D. Iowa March 22, 2012) (finding superiority was not met based on the individualized nature of the named Plaintiffs' circumstances"); citing *Walsh v. Principal Life Ins. Co.*, No. 4:06-cv-00342-JEG, 266 F.R.D. 232, 260 (S.D. Iowa March 24, 2010) (finding that the "individualized inquiries would significantly impede management of th[e] case as a class action;" therefore "class treatment was "not superior to individual litigation.").


of their damages, which essentially defeats any of the efficiency of trying this as a class action.

Therefore, I cannot find that the superiority requirement has been met.

## **CONCLUSION**

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Certify Class is DENIED (Doc. No. 135).

IT IS SO ORDERED this 19th day of April, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE